FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

16 SEP 28 AM 11: 20

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS, FLORIDA

LEE MEMORIAL HEALTH SYSTEM

    Plaintiff,

v.　　　　　　　　　　　　　　　　　CASE NO. _____

BLUE CROSS AND BLUE SHIELD OF FLORIDA, INC.,

2:16-CV-738-FtM-29CM

    Defendant.

_____/

## COMPLAINT

Plaintiff, Lee Memorial Health System ("Lee Memorial"), sues Blue Cross and Blue Shield of Florida, Inc. ("BCBSF"), and states:

### PARTIES

1. Lee Memorial is a special unit of local government operating a health care system in Lee County, Florida

2. BCBSF is a Florida corporation doing business in Lee County, Florida

### JURISDICTION AND VENUE

3. This Court has original and exclusive jurisdiction as to the claims of Lee Memorial arising under the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1) and (2) and 28 U.S.C. § 1331.

4. This Court has supplemental jurisdiction as to any other related claims that may be pled by Lee Memorial pursuant to 28 U.S.C. §1367(a).

5. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(a) and (b) and ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), because: (a) the relevant employee group health

benefit plan is administered in Fort Myers, Florida; (b) BCBSF is a resident of Lee County, Florida; (c) the covered individual suffered injuries and damages as a result of a motor vehicle accident that occurred in Lee County, Florida; (d) BCBSF and Lee Memorial are subject to the court's personal jurisdiction in Lee County, Florida and (e) the significant events giving rise to this action took place in Lee County, Florida.

## **GENERAL ALLEGATIONS**

6. At all times relevant to this action, BCBSF provided health insurance coverage to the covered employees of Winn Dixie Stores, Inc. ("Winn Dixie"), a Florida corporation doing business in Lee County, Florida, under an Employer Sponsored Benefit Plan (the "Plan"). A copy of the summary plan description is attached hereto as Exhibit "A."

7. BCBSF is the Plan administrator with the exclusive responsibility and complete discretionary authority to control the operation and administration of the Plan and to resolve all interpretive, equitable, and other questions that arise in the operation of the Plan.

8. At all times relevant to this action, the Plan was an employee welfare benefit plan within the meaning of ERISA § 3(1), 29 U.S.C. § 1002(1).

9. From October 3, 2013 through October 18, 2013, Lee Memorial provided hospital services to Shannon Anderson ("Anderson") who was a covered employee under the Plan.

10. The hospital services which were provided to Anderson by Lee Memorial arose from a motor vehicle accident ("Accident") which occurred on or about October 3, 2013 in Lee County, Florida when Todd Anthony Rosario ("Rosario"), who was traveling south in a northbound lane of traffic, collided head on with Anderson.

11. In conjunction with the Accident, Rosario was adjudicated guilty of both a felony DUI offense under section 316.193, Florida Statutes, and a misdemeanor offense under section

316.1939, Florida Statutes for failure to submit to a DUI test after his license had been suspended.

12. The amount due and owing to Lee Memorial after adjustments to charges have been made in accordance with the Preferred Patient Hospital Agreement ("Agreement") between Lee Memorial and BCBSF is in excess of $74,000.

13. Pursuant to the admissions contract attached hereto as Exhibit "B," Anderson assigned to Lee Memorial all rights to receive payments from BCBSF under the Plan for the hospital services that were provided to her.

14. Pursuant to the Plan and the Agreement, Lee Memorial submitted a claim to BCBSF for payment of the hospital services that it had provided to Anderson.

15. Despite the fact that Rosario was legally at fault for the Accident, BCBSF, without identifying a specific provision in the Plan upon which its decision was based, denied coverage under the Plan stating in the denial of benefits notice attached hereto as Exhibit "C," that "the member's injuries were the result of the member's alcohol intoxication."

16. The denial of benefits notice states that "the section of the member's benefit booklet describing exclusions was used to make this determination" but fails to include either a copy of the benefit booklet or a specific reference to which of the 98 exclusions from coverage set forth in the summary plan description that BCBSF relied upon to make the coverage decision.

17. Although the summary plan description does contain an intoxication exclusion in paragraph 62 of the Medical Exclusions, it is inapplicable as to Anderson's claim for benefits because, by its terms, the intoxication exclusion only applies to health care services "resulting from a covered member being intoxicated."

18. The intoxication exclusion does <u>not</u> apply to health care services resulting from a third party being intoxicated and inflicting injuries upon a covered member.

19. The denial of benefits letter fails to explain how the health care services resulted "from a covered member [i.e. Anderson] being intoxicated" where, as here, the member was injured in a head on collision caused by an impaired and criminally negligent third party.

20. To the extent that coverage was being denied due to a lack of knowledge on the part of BCBSF as to the fact that the member's injuries were caused by the unlawful conduct of a third party, the notice fails to describe additional information or materials such as a Florida Crash Report that should be provided in order for BCBSF to make a proper determination as to whether Anderson's injuries were caused by a third party.

21. In addition to wrongfully denying the claim, BCBSF failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.

22. Specifically, in its denial of benefits notice, BCBSF violated ERISA, particularly 29 U.S.C. § 1133, and regulations adopted pursuant to ERISA, including 29 C.F.R. § 2560.503–1(g) in the following respects:

   (a) failing to provide specific reasons for the adverse determination;

   (b) failing to reference the specific plan provisions on which the determination was based; and

   (c) failing to provide a description of any additional material or information necessary to perfect the claim and an explanation of why such material or information was necessary.

23. BCBSF has failed and refused to cure the foregoing deficiencies in its denial of benefits notice notwithstanding demand by Lee Memorial that it do so.

24. Because of the foregoing deficiencies in the denial of benefits notice, Lee Memorial has been unable to pursue an administrative appeal of the adverse benefits determination.

25. Lee Memorial has therefore exhausted all administrative remedies and any further attempts to do so would be futile.

26. All conditions precedent to this action have occurred or have otherwise been waived, excused or satisfied.

27. The undersigned counsel has been retained to represent Lee Memorial in this action which is obligated to pay reasonable attorney fees for services rendered and which has the right to recover its attorney fees under 29 U.S.C. § 1132(g) and pursuant to the Agreement.

## COUNT I
## DECLARATORY RELIEF

28. The allegations set forth in paragraphs 1 through 27 are realleged and incorporated herein by reference.

29. This is an action for declaratory relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, in particular ERISA, § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), and under the Declaratory Judgment Act, 28 U.S.C., § 2201, *et seq.*, for a declaration of Lee Memorial's rights and BCBSF's obligations under ERISA and the Plan.

30. The parties are uncertain as to their rights under ERISA and the Plan.

31. Lee Memorial takes the position that BCBSF violated the Plan by denying coverage in this case based upon a Plan exclusion that was inapplicable.

32. BCBSF, on the other hand, maintains that it did not violate the Plan by denying coverage.

33. The parties are in genuine doubt as to their rights under ERISA and the Plan and are entitled to have such doubt removed by declaration of this Court.

WHEREFORE, Plaintiff, Lee Memorial Health System, requests that this Court: enter judgment declaring the rights and liabilities of the parties under ERISA and the Employer Sponsored Benefit Plan; award supplemental relief in the form of money damages, interest, costs of this action and attorney fees; and order such other and further relief as this Court deems just and proper.

## COUNT II
## VIOLATION OF ERISA AND BREACH OF THE PLAN

34. The allegations set forth in paragraphs 1 through 27 are realleged and incorporated herein by reference.

35. This is an action for damages against BCBSF.

36. Lee Memorial is entitled to receive payment for the hospital services that it provided to Anderson and to enforce its rights under the terms of the Plan and ERISA.

37. BCBSF has violated ERISA and breached the terms of the Plan by denying the claim that was submitted by Lee Memorial.

38. As a result of the foregoing, Lee Memorial has been damaged.

WHEREFORE, Plaintiff, Lee Memorial Health System, demands judgment in its favor and against Defendant, Blue Cross and Blue Shield of Florida, Inc., for damages, interest, costs of this action, and attorney fees together with such other and further relief as this Court deems just and proper.

WALTERS LEVINE, P.A.
1819 Main Street, Suite 1110
Sarasota, Florida 34236
Telephone No. (941) 364-8787
Facsimile No. (941) 361-3023
Attorneys for Lee Memorial

_____
Joel W. Walters
Florida Bar No. 604356
jwalters@walterslevine.com