UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

v.                                   Case No: 2:16-cv-738-FtM-29CM

BLUE CROSS AND BLUE
SHIELD OF FLORIDA, INC. and
WINN DIXIE STORES, INC.,

    Defendants.

## REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Defendant Blue Cross and Blue Shield of Florida, Inc.'s ("BCBSF") Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) filed on May 24, 2017. Having reviewed Defendant's Motion and the relevant pleadings, the Court recommends[2] that BCBSF's Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) be **DENIED.**

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.

[2] Pursuant to 28 U.S.C. § 636(b)(1), "a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except . . . [a motion] to dismiss for failure to state a claim on which relief can be granted, and to involuntarily dismiss an action." This suggests that a magistrate judge may only make a report and recommendation on a motion to dismiss. *See id.* The Local Rules for the Middle District of Florida, however, only state that a magistrate judge may not "enter any order *granting* judgment on the pleadings or summary judgment in whole or in part . . . [or] enter an order of involuntary dismissal . . . or enter any other final order or judgment that would be appealable if entered by a judge of the Court." M.D. Fla. R. 6.01(c)(18) (emphasis added). This suggests that so

## I. Summary & Background

This is an action by Plaintiff, Lee Memorial Health Systems, to obtain declaratory relief against BCBSF and Winn Dixie Stores, Inc. ("Winn Dixie"). Doc. 17 at 9-10. Plaintiff seeks a declaration of its rights under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 *et seq.* ("ERISA"), Winn Dixie's employer welfare benefit plan ("the Plan"), and the Preferred Patient Hospital Agreement between Plaintiff and BCBSF ("the Agreement"). *Id.* Plaintiff also seeks damages against Winn Dixie for violations of ERISA and the Plan. *Id.* at 10.

Sharon Anderson was an employee of Winn Dixie and a participant in the Plan. *Id.* ¶¶ 8, 15, 19. Winn Dixie was the plan sponsor and plan administrator, while BCBSF, as the authorized agent of Winn Dixie, administered claims for the Plan pursuant to the Agreement. *Id.* ¶¶ 9-10. BCBSF was designated as the administrator of the Plan under the Agreement. *Id.* ¶ 11(a).

On October 3, 2013 Anderson was involved in a head-on collision with Todd Rosario. *Id.* ¶ 17. At the time of the accident, Rosario was travelling southbound in a northbound lane while intoxicated. *Id.* ¶¶ 17-18. Following the accident, Rosario was adjudicated guilty of both driving under the influence ("DUI"), a felony, and failure to submit to a DUI test while his license was suspended, a misdemeanor. *Id.* ¶ 18. Anderson was taken to Plaintiff's hospital and provided services pursuant

---

long as the magistrate judge denies the motion to dismiss, he or she may rule on the motion. *See id.* Out of an abundance of caution, the undersigned has issued a report and recommendation rather than ruling on the motion so as to ensure compliance with 28 U.S.C. § 636(b)(1).

to the Plan and the Agreement. *Id.* ¶¶ 15-16, 19-20. Anderson remained in the hospital until October 18, 2013. *Id.* ¶ 16.

In her admissions contract to the hospital, Anderson subrogated her rights under the Plan to Plaintiff. *Id.* ¶ 19. Pursuant to the Plan and the Agreement, Plaintiff submitted a claim to BCBSF for the services rendered to Anderson. *Id.* ¶ 20. BCBSF denied Plaintiff's claim, stating that "[Anderson's] injuries were the result of [her] alcohol intoxication." *Id.* ¶ 21. According to the letter sent by BCBSF to Plaintiff, Anderson's blood alcohol content was 0.21% at or near the time of the accident — over two times the legal limit for intoxication in Florida. Doc. 17-4 at 2. A dispute ensued between Plaintiff and BCBSF over the denial. Plaintiff claimed the denial was wrongful because Rosario had caused the accident and "the intoxication exclusion does not apply to health care services resulting from a third party being intoxicated and inflicting injuries upon a covered member." *See* Doc. 17 ¶ 25. When Plaintiff was unable to resolve its dispute with BCBSF, it initiated this action. *See id.* ¶ 35. Plaintiff claims it was unable to pursue administrative remedies because BCBSF did not specify the plan provisions on which it based its decision. *Id.* ¶¶ 28-30.

## II. Discussion

BCBSF seeks to dismiss Plaintiff's Amended Complaint as it relates to BCBSF. Doc. 19 at 16. Specifically, BCBSF seeks to dismiss Count I for declaratory relief against BCBSF.[3] *See generally*, Doc. 19. Count I of Plaintiff's Amended Complaint

---

[3] Count One of Plaintiff's Amended Complaint also seeks declaratory relief against Winn Dixie; however, to date, Winn Dixie has filed no motion to dismiss, nor has it joined in

states that Plaintiff is uncertain about its rights under ERISA, the Plan, and the Agreement, and asks the Court to clarify those rights. Doc. 17 ¶¶ 37-45.

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation requires "more than labels and conclusions, and formulaic recitation" of facts to survive a 12(b)(6) motion to dismiss. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[The] factual allegations must be "plausible" and "enough to raise a right to relief above the speculative level." *Id.* When evaluating a motion to dismiss, the Court accepts as true all factual allegations set forth in the complaint and the attached exhibits. *Griffin Industries, Inc. v. Irvin*, 496 F.3d 1189, 1199 (11th Cir. 2007). "A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes." Fed. R. Civ. P. 10(c). "[T]he Court may dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. Of. Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citing *Executive 100, Inc. v. Martin Cnty.*, 992 F.2d 1536, 1539 (11th Cir. 1991)).

Count I of the Amended Complaint, which Defendant seeks to dismiss, is a claim for declaratory judgment against Defendants under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.* ("DJA"). Doc. 17 ¶ 37. ERISA provides that a participant or beneficiary may bring a civil action "to clarify [its] rights to future

---

BCBSF's motion. *See generally*, Docs. 1-45.

benefits under the terms of the plan." 29 U.S.C. § 1132(a). The Eleventh Circuit has declared that "this section expressly acknowledges the right of participants/beneficiaries to seek a declaratory judgment." *Gulf Life Ins. Co.*, 809 F.2d at 1523.

"Suits for declaratory judgment are a statutory creation enacted by Congress in the [DJA]." *Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520, 1523 (11th Cir. 1987). Such suits allow a court of the United States to "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "The operation of the [DJA] is procedural only." *Aetna Life Ins. Co. of Hartford, Conn. v. Haworth,* 300 U.S. 227, 240 (1937). The DJA permits a court to rule on a case or controversy, so long as it is a "real and substantial controversy admitting of specific relief through a decree of conclusive character." *Id.* at 241. Declaratory judgment, however, is a nonobligatory remedy, and the court is authorized to exercise discretion in dismissing an action that seeks declaratory judgment. *Old Republic Union Ins. Co. v. Tillis Trucking Co., Inc.*, 124 F.3d 1258, 1260 (11th Cir. 1997) (citing *Wilton v. Seven Falls Co.*, 515 U.S. 277, 284 (1995)).

BCBSF raises the following arguments in support of its motion: (a) Plaintiff's request for relief should be analyzed under the DJA, not ERISA; (b) Plaintiff failed to plead a continuing controversy; (c) Plaintiff's claim for declaratory relief improperly implicates a state law cause of action; and (d) Plaintiff's request for declaratory relief is duplicative of its ERISA cause of action.

### a. Whether Plaintiff's request for relief should be analyzed under the DJA or ERISA

According to BCBSF, Plaintiff seeks only a declaration under the DJA, not under ERISA. Doc. 19 at 4-5. For this reason, BCBSF asserts that the Court should analyze Plaintiff's request under the DJA and find it insufficient, as it does not allege a valid substantive claim. *Id.* BCBSF also argues that Plaintiff has failed to present an "actual controversy" under the DJA. *Id.* at 4. The Court will not address this argument here as BCBSF raises a substantially similar argument that Plaintiff did not plead a continuing controversy that the Court will address later in this Report and Recommendation. *See id.* at 7. Rather, the Court will address BCBSF's argument that Plaintiff has failed to plead a "substantive claim" to support its motion for declaratory relief.

As the Court has previously noted, "[t]he operation of the [DJA] is procedural only." *Haworth,* 300 U.S. at 240. Thus, there must be an underlying case or controversy that can serve as the basis for the Court to provide declaratory relief. *See id.* Here, Plaintiff incorporated the allegations set forth in paragraphs 1-35 of its Amended Complaint into its claim for declaratory relief. Doc. 17 ¶ 36. Reviewing these paragraphs, the Court recommends Plaintiffs have clearly and unequivocally pleaded violations of ERISA by both BCBSF and Winn Dixie. *See id.* at ¶¶ 14, 19-29. Accordingly, the Court recommends that Plaintiff has pleaded a substantive claim sufficient to support its claim for declaratory relief under the DJA.

### b. Whether Plaintiff properly pleaded a continuing controversy

BCBSF next advances the argument that Plaintiff made no allegation that BCBSF's conduct "has continued or will be repeated in the future." Doc. 19 at 8 (citing *Merritt v. Godfrey*, No. 3:13-cv-607-LAC-EMT, 2015 WL 5439306, at *10 (N.D. Fla. Sept. 19, 2015)). As such, BCBSF argues that Plaintiff has failed to properly plead a continuing controversy, which is required for the court to have jurisdiction to issue a declaratory judgment. Doc. 19 at 7 (citing *Malowney v. Fed. Collection Deposit Grp.*, 193 F.3d 1342, 1347 (11th Cir. 1999)). Plaintiff responds that the Second Amended Complaint alleges a continuing controversy as to the application of the alcohol exclusion. Doc. 24 at 7. For the reasons below, the Court recommends that Plaintiff has pleaded a continuing controversy.

In order for a plaintiff to plead a continuing controversy that will provide the court with jurisdiction to issue a declaratory judgment, "[t]he plaintiff must allege facts from which the continuation of the dispute may be reasonably inferred. . . . The remote possibility that a future injury may happen is not sufficient to satisfy the 'actual controversy' requirement for declaratory judgments." *Malowney*, 193 F.3d at 1347 (internal quotations and citations omitted) (citing *Emory v. Peeler*, 756 D.2d 1547, 1551-52 (11th Cir. 1985)). The court must accept the plaintiff's allegations as true and liberally construe the complaint in favor of the plaintiff to determine if the plaintiff is likely to be subject to future injury. *See id.*

Here, Plaintiff's Amended Complaint alleges BCBSF:

> has, in conjunction with benefit determinations made for other claims, *consistently* taken the position that the intoxication exclusion, which is

> a *standard provision* in BCBSF health plans, operates to exclude from coverage health care services that were provided to an eligible plan participant who was intoxicated at the time of her injuries regardless of whether the participant's intoxication caused such injuries.

Doc. 17 ¶ 31 (emphasis added). Accepting Plaintiff's allegations as true, because BCBSF has taken this same position consistently in the past, and because this is a standard provision in BCBSF's health plans, the Court can reasonably infer that the dispute is likely to continue given that Plaintiff is a Participating Provider under the Plan. *See id.* ¶¶ 11(a), 31. Accordingly, the Court recommends that Plaintiff has alleged a continuing controversy.

### c. Whether Plaintiff's claim for declaratory relief improperly implicates a state-law cause of action

BCBSF next argues that Plaintiff's claim for declaratory relief improperly implicates a state law cause of action in what is stated to be a ERISA controversy. Doc. 19 at 5. BCBSF arrives at this conclusion due to Plaintiff's allegation of supplemental jurisdiction, as well as its apparent discussion of the elements of a cause of action under the Florida Declaratory Judgment Act, Fla. Stat. § 86.011. *Id.* at 5-6. Plaintiff responds that it properly pleaded a right to declaratory relief under the DJA. Doc. 24 at 9. For the reasons discussed below, the Court recommends that Plaintiff did not improperly implicate a state law cause of action.

"ERISA preemption is not a gateway but a barrier to state law causes of action, the effect of which is to completely displace state law claims." *Amos v. Blue Cross-Blue Shield of Ala.*, 868 F.2d 430, 431 (11th Cir. 1989). As the Supreme Court has explained, ERISA is a "comprehensive legislative scheme," which includes "an integrated system of procedures for enforcement . . . [which is] essential to accomplish

Congress' purpose of creating a comprehensive statute for the regulation of employee benefit plans." *Aetna Health v. Davila*, 542 U.S. 200, 208 (2004). As such, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore preempted." *Id.* at 208-09.

If Plaintiff had pleaded a state law cause of action, then it would be preempted by ERISA, *see Davila*, 542 U.S. at 208; however, the Court finds no such cause of action here. The Court acknowledges that Plaintiff's allegation of supplemental jurisdiction is unnecessary because Plaintiff has pleaded only under the laws of the United States. *See* Doc. 17 ¶ 37. Yet, the inclusion of a superfluous statement of jurisdiction does not change a federal claim under the DJA into a state law claim.

Plaintiff has alleged violations of ERISA and requested relief under the DJA. Doc. 17 ¶¶ 36-45. Although Plaintiff's allegations appear to contain the elements of a cause of action under the Florida Declaratory Judgment Act, this does not prevent them from being sufficient to state a claim under the DJA. *See* 28 U.S.C. § 2201 (empowering federal courts to declare the rights and other legal relations of any interested party in a case of actual controversy within its jurisdiction upon filing of an appropriate pleading). With respect to the DJA, the Supreme Court has held that the DJA is procedural only, permitting a Court to rule "[w]here there is such a concrete case admitting of an immediate and definitive determination of the legal rights of the parties in an adversary proceeding upon the facts alleged," regardless of whether "the award of process or the payment of damages" is necessary to adjudicate

the rights of the litigants.  *Haworth,* 300 U.S. at 240-41.  Thus, in order to sufficiently state a claim under the DJA, all a plaintiff need do is to allege a case or controversy within the jurisdiction of the court requiring adjudication of the rights of the litigants, even though damages may not be required.  *See id.*

Here, the Court recommends that Plaintiff has alleged a "concrete case . . . of an immediate and definitive" nature, which requires "the determination of the legal rights of the parties" with respect to ERISA, the Plan, and the Agreement.  Doc. 17 ¶¶ 37-45.  Plaintiff claims that Defendants have violated multiple federal statutes and regulations related to ERISA, which places the controversy within the jurisdiction of this Court.  *Id.* at 41.  Specifically, Plaintiff alleges that Defendants violated ERISA by failing to provide "reasonable and consistent claims procedures," failing to "reference the specific plan provisions" on which BCBSF based its decisions, and ultimately deprived Plaintiff of a "full and fair review" of its claims.  *Id.* ¶ 28. Plaintiff appropriately seeks a determination of its rights under ERISA, as well as the Plan and the Agreement, which also fall within the scope of ERISA's comprehensive legislative scheme.  *See* Doc. 17 ¶¶ 37-45; 29 U.S.C. § 1001 ("[I]t is desirable in the interests of employees and their beneficiaries, and to provide for the general welfare and the free flow of commerce, that disclosure be made and safeguards be provided with respect to the *establishment, operation, and administration* of such plans.") (emphasis added); *see also Haworth,* 300 U.S. at 241.  The Amended Complaint is devoid of any state law claim, regardless of its structure. *See* generally, Doc. 17.  As such, the Court recommends that Plaintiff has not

- 10 -

inappropriately implicated a state law cause of action in its pleadings.

### d. Whether Plaintiff's request for declaratory relief is duplicative of its ERISA cause of action

Defendant BCBSF further argues that Count I of Plaintiff's Amended Complaint should be dismissed because it duplicates the relief Plaintiff seeks under ERISA in Count II. Doc. 19 at 10. Plaintiff responds that Count I is not duplicative as to Count II because BCBSF is not a party to Count II, and the declaration sought pertains not only to the parties' rights and responsibilities in this factual scenario, but to the proper application of the intoxication exclusion in similar health plans designed and administered by Blue Cross Blue Shield. Doc. 24 at 9. For the reasons discussed below, the Court recommends that Count I is not duplicative of Count II.

When a claim for declaratory judgment is coupled with a claim for breach of contract, it is not uncommon for the opposing party to object to the claim for declaratory judgment as duplicative. *See Hannon v. Delaware American Life Insurance Co.*, 6:14-cv-301-Orl-40KRS, 2014 WL 12618716, at *3. When faced with such a claim, the court must consider: "(1) 'the completeness of the relief afforded to a party when it prevails on its breach of contract claim' and (2) the judicial economy of entertaining both claims." *Id.* (citing *Kenneth F. Hackett & Assocs., Inc. v. GE Capital Info. Tech. Solutions, Inc.*, 744 F. Supp 2d 1305, 1310 (S.D. Fla. 2010)).

Here, both of these factors mitigate against dismissal. *See id.* First, Plaintiff will be unable to acquire complete relief through its breach of contract claim. *See id.* If the Court dismisses Count I of Plaintiff's Amended Complaint, Plaintiff will receive

no relief against BCBSF because Count II of Plaintiff's Amended Complaint alleges damages against Winn Dixie only. *See* Doc. 17 at 10. Moreover, Count II deals only with violations of ERISA and breach of the Plan (*id.*); it does not address the Agreement, which Plaintiff has asked the Court to interpret in Count I of its Amended Complaint (*id.* ¶¶ 37-45). As such, were the Court to dismiss Count I of Plaintiff's Amended Complaint, as BCBSF requests, Plaintiff would receive no clarification as to its rights under the Agreement. *See* Doc. 17 ¶¶ 47-50. Such an outcome could prevent a complete resolution of the parties' disputes. Second, by leaving issues unresolved, dismissing Count I of Plaintiff's Amended Complaint could ultimately create additional litigation, which would hinder judicial economy. *See* Doc. 17 ¶¶ 37-45; *see also* Hannon, 2014 WL 12618716, at *3. As such, the Court recommends that Count I of Plaintiff's Amended Complaint is not duplicative of Count II and that the principles of judicial economy mitigate against dismissal.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

That Defendant Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. 19) be **DENIED**.

**DONE** and **ENTERED** in Fort Myers, Florida on this 5th day of December, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record