UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

    Plaintiff,

v.                            Case No: 2:16-cv-738-FtM-29CM

BLUE CROSS AND BLUE SHIELD
OF FLORIDA, INC. and WINN
DIXIE STORES, INC.,

    Defendants.

_____

**OPINION AND ORDER**

This matter is before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #47), filed December 5, 2017, recommending that Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) be denied. Defendant Blue Cross and Blue Shield of Florida, Inc. (Blue Cross) filed an Objection (Doc. #49) on December 19, 2017, to which plaintiff Lee Memorial Health System (Lee Memorial) filed a Response in Opposition to Objection (Doc. #53) on January 19, 2018.

Lee Memorial believes that Winn Dixie Stores, Inc. (Winn Dixie) improperly denied a claim for health care benefits by adopting a misconstruction of a provision in its ERISA[1] employee

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.

health benefits plan (the Plan) by Blue Cross, its third-party claims administrator. Acting as the assignee of a Plan participant, Lee Memorial seeks damages from Winn Dixie for non-payment of benefits due the participant for its hospital services (Count II). Lee Memorial also seeks a declaratory judgment against both Winn Dixie and Blue Cross as to (1) the proper interpretation a provision in the ERISA plan, (2) the sufficiency under ERISA of certain procedures followed in the denial of the claim, and (3) the proper interpretation of a separate agreement between Lee Memorial and Blue Cross (Count I). Blue Cross seeks dismissal of the declaratory judgment claim in Count I, the only count in which it is a named defendant.

**I.**

The Amended Complaint (Doc. #17) contains the following material factual allegations, which are alleged to apply to both counts (Id., ¶¶ 36, 46):

Shannon Anderson ("Anderson") was an employee of Winn Dixie, and as such was a participant of an Employer Sponsored Benefit Plan (the "Plan") which provides health plan coverage to Winn Dixie employees. (Id. ¶¶ 7, 15; Doc. #17-1, Exh. A.)[2] The Plan constitutes an employee welfare plan within the meaning of ERISA.

---

[2] A copy of the summary plan description is attached to the Amended Complaint as Exhibit A. (Doc. #17-1, Exh. A.) The Plan is a self-insured plan, and Blue Cross does not provide either insurance coverage or any funds from which benefits are paid.

(Doc. #17, ¶ 8.)  As a participant, Anderson had the right to have her medical and hospitalization costs paid under the Plan. (Id. ¶ 15.)

Winn Dixie was the Plan sponsor, Plan administrator, an interested party, and a "fiduciary" of the Plan, as defined by various ERISA provisions, and had the authority to control the operation and administration of the Plan. (Id. ¶ 9.)  Blue Cross provides third-party claims administration for the Plan pursuant to an Administrative Services Agreement (Doc. #17-1, Exh. B), and is alleged to be an interested party and a fiduciary under ERISA. (Id. ¶¶ 7, 11(a).)  Additionally, Blue Cross and Lee Health entered into a Preferred Patient Hospital Agreement ("Agreement") (Id. ¶ 11(a)), although a copy of the Agreement is not attached to the Amended Complaint.  Lee Memorial alleges that Blue Cross and Winn Dixie have a variety of duties imposed by ERISA, the Plan, and the Agreement.  (Id. ¶ 14(a)-(g).)

On October 3, 2013, Anderson was involved in a motor vehicle accident that resulted when Todd Anthony Rosario, traveling southbound in a northbound lane of traffic, collided head on with Anderson's vehicle.  (Id. ¶ 17.)  For his conduct, Rosario was found guilty of two DUI felony offenses and the misdemeanor offense of failure to submit to a DUI test after his license had been suspended.  (Id. ¶ 18.)

Lee Memorial provided hospital services to Anderson from October 3, 2013 through October 18, 2013 for injuries she sustained as a result of the October 3, 2013 accident. (Id. ¶¶ 16-17.) Upon being admitted to the hospital, Anderson executed an admissions contract assigning to Lee Memorial (among other things) all rights to receive payments from Blue Cross under the Plan for hospital services rendered. (Id. ¶ 19.)

Lee Memorial submitted a claim to Blue Cross under the Plan for payment of hospital services rendered to Anderson. (Id. ¶ 20.) Without identifying a specific provision within the Plan, Blue Cross denied coverage, stating that "the member's injuries were the result of the member's alcohol intoxication." (Id. ¶ 21; Doc. #17-4.) Blue Cross stated that Anderson's blood alcohol content was 0.21%, more than twice the legal limit. (Doc. #17-4 at 2.) The denial notice stated that a "section of the member's benefit booklet describing exclusions was used to make this determination," but failed to specifically identify which of the 98 exclusions Blue Cross based its denial. (Doc. #17, ¶ 23; Doc. #17-4, Exh. D.)

The summary plan description of the Plan, attached as Exhibit A to the Amended Complaint, contains an exclusion relating to intoxication. This provision excludes from coverage

> [a]ny service (other than Substance Abuse Services), Medical Supplies, charges or losses resulting from a Covered Member being intoxicated or under the influence of any drug

>     or substance; abusing alcohol, drugs, or other
>     substance; or, taking some action the purpose
>     of which is to create a euphoric state or alter
>     consciousness, unless taken on the advice of
>     a Physician[.]

(Doc. #17-1, Exh. A, p. 17.) Lee Memorial asserts that, assuming this is the exclusion under which coverage was denied, is inapplicable to Anderson's claim because the exclusion only applies to services "resulting from a Covered Member being intoxicated." (Id.; Doc. #17, ¶ 24.) Lee Memorial further alleges that the "intoxication exclusion does not apply to health care services resulting from a third party being intoxicated and inflicting injuries upon a covered member." (Doc. #17, ¶ 25)(emphasis in original). Additionally, Lee Memorial asserts the notice and denial process violated various ERISA requirements and the Plan. (Id., ¶¶ 28, 32, 33.)

In Count I, Lee Memorial seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 *et seq*. as to the rights of Lee Memorial, Blue Cross and Winn Dixie under ERISA, the Plan, and the Agreement. (Id. ¶37.) Lee Memorial alleges that the parties are uncertain as to their rights under the ERISA statutes and the two documents. (Id. ¶¶ 37, 38.) Specifically, Lee Memorial alleges that the parties disagree about: (1) Whether Blue Cross violated the Plan, ERISA, and the Agreement by denying benefits under the Plan and refusing to pay Lee Memorial (id. ¶¶ 39, 40); (2) whether Blue Cross complied with various ERISA requirements concerning the

denial of benefits (id. ¶¶ 41, 42); and (3) whether administrative exhaustion was required (id. ¶¶ 44, 45).

In Count II, Lee Memorial asserts a claim for damages against Winn Dixie. (Id. ¶ 47.) Count II asserts that Lee Memorial is entitled (presumably as Anderson's assignee) to receive payment for the hospital services it provided to Anderson, and (again presumably as Anderson's assignee) to enforce its rights under the Plan and ERISA. (Id. ¶ 48.) Lee Memorial also asserts that Blue Cross and Winn Dixie violated ERISA and breached the Plan by denying the claim submitted by Lee Memorial (id. ¶49), which resulted in damages (id. ¶50). Lee Memorial seeks a money judgment for its damages, interest, costs, and attorney fees. (Doc. #17, p. 11.)

**II.**

The Magistrate Judge recommends denial of Blue Cross's motion to dismiss the declaratory judgement claim in Count I. The Magistrate Judge found that Count I is analyzed under the Declaratory Judgment Act, not under ERISA, and that Lee Memorial adequately plead violations of ERISA by both Blue Cross and Winn Dixie which sufficiently supports a claim for declaratory relief. (Doc. #47, p. 6.) The Magistrate Judge further found that Lee Memorial properly pled a continuing controversy sufficient to state a claim and provide jurisdiction under the Declaratory Judgment Act (id. pp. 7-8); that despite some stray language, no

state law claim is implicated in the ERISA controversy alleged in Count I (id. pp. 8-10); and that Counts I and II are not duplicative of each other (id. pp. 11-12). Blue Cross objects to the recommendations relating to the continuing controversy and the lack of duplicative counts. (Doc. #49.)

**III.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). See also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**IV.**

**A. Availability of Declaratory Judgment Claim**

The Court begins by determining whether the declaratory judgment claim in Count I is available given the presence of the substantive claim in Count II of the Amended Complaint. Blue Cross argues it is not available because such declaratory relief is merely duplicative of the damage claim against Winn Dixie in Count II. The Court disagrees with Blue Cross, and overrules its objection to the Report and Recommendation.

With exceptions not applicable to this case, the federal Declaratory Judgment Act provides:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a). If the Court enters such a declaration, "[f]urther necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment." 28 U.S.C. § 2202.

"The Declaratory Judgment Act has been characterized as an 'enabling Act,' giving the district courts discretion to grant a new form of relief." Stevens v. Osuna, 877 F.3d 1293, 1311 (11th

Cir. 2017) (quoting Wilton v. Seven Falls Co., 515 U.S. 277, 287-88 (1995)). "The statute was intentionally written so broadly as to create an optional remedy coextensive with those remedies traditionally available at law or equity. [ ] Hence, Federal Rule of Civil Procedure 57 provides that '[t]he existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.'" Musselman v. Blue Cross & Blue Shield of Ala., 684 F. App'x 824, 829 (11th Cir. 2017) (internal citation omitted). "Congress intended to create a remedy to supplement—not supplant—the remedies traditionally available at law and equity. Id. at 832 (citing 28 U.S.C. § 2201; Fed. R. Civ. P. 57 Advisory Committee Note.").

Nothing in the Amended Complaint changes the general rule in Rule 57 that the existence of another remedy, i.e., money damages in Count II, precludes an otherwise appropriate declaratory judgment claim. If Lee Memorial prevails on Count II, it obtains a money judgment against Winn Dixie.[3] Lee Memorial does not obtain an express declaration of its legal rights which results in the money judgment, and certainly does not obtain a declaration regarding the ERISA procedural requirements it asserts were violated in this case. Thus, the Court finds that the declaratory

---

[3] While Count II also seeks unspecified "further relief" (Doc. #17, p. 11), a declaratory judgment is not such further relief in the context of this case. E.g., Gulf Life Insur. Co. v. Arnold, 809 F.2d 1520, 1523 (11th Cir. 1987).

judgment claim in Count I is not precluded by the money damages claim in Count II.

### B. Lee Memorial's Standing to Assert ERISA Declaratory Judgment Claim

While a declaratory judgment claim is available despite the presence of Count II, the question remains whether Lee Memorial is able to bring such a claim. To maintain an action under ERISA, a plaintiff must establish statutory standing, that is, must make a non-frivolous claim under 29 U.S.C. § 1132(a). <u>Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.</u>, 371 F.3d 1291, 1293-94 (11th Cir. 2004).

"ERISA sets forth those parties who may bring civil actions under ERISA and specifies the types of actions each of those parties may pursue. Thus, civil actions under ERISA are limited only to those parties and actions Congress specifically enumerated." <u>WestRock RKT Co. v. Pace Indus. Union-Mgmt. Pension Fund</u>, 856 F.3d 1320, 1322 (11th Cir. 2017) (quoting <u>Gulf Life Ins. v. Arnold</u>, 809 F.2d 1520, 1524 (11th Cir. 1987)). A "participant" and a "beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Additionally, a "participant," "beneficiary," or "fiduciary" may bring a civil action for certain injunctive and equitable relief. 29 U.S.C. § 1132(a)(3). <u>Green v. Holland</u>, 480

F.3d 1216, 1224 (11th Cir. 2007). A healthcare provider such as Lee Memorial is not a "participant" or a "beneficiary" under ERISA, and thus lacks independent standing to sue under § 1132(a)(1)(B). Physicians Multispecialty Grp., 371 F.3d at 1294. Additionally, a healthcare provider is not a "fiduciary" under ERISA, and thus lacks independent standing to sue under § 1132(a)(3).

A healthcare provider may, however, acquire derivative standing to sue under ERISA by obtaining a written assignment from a participant or beneficiary of her right to payment of medical benefits. Cagle v. Bruner, 112 F.3d 1510, 1515 (11th Cir. 1997) ("We hold that neither § 1132(a) nor any other ERISA provision prevents derivative standing based upon an assignment of rights from an entity listed in that subsection.") See also Gables Ins. Recovery, Inc. v. Blue Cross & Blue Shield of Florida, Inc., 813 F.3d 1333, 1338–39 (11th Cir. 2015); Borrero v. United Healthcare of N.Y., Inc., 610 F.3d 1296, 1302 (11th Cir. 2010); Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1347 (11th Cir. 2009); Physicians Multispecialty Grp., 371 F.3d at 1294; Hobbs v. Blue Cross Blue Shield of Ala., 276 F.3d 1236, 1240–41 (11th Cir. 2001). Derivative standing may be obtained in the same manner with self-funded ERISA plans. BioHealth Med. Lab., Inc. v. Cigna Health & Life Ins. Co., 706 F. App'x 521, 525 (11th Cir. 2017). In this case, Lee Memorial asserts derivative standing as the assignee of Anderson, a Plan participant. The assignment

signed by Anderson provides: "I hereby assign to LMHS payment from all third party payors* with whom I have coverage or from whom benefits are or may become payable to me, for the charges of hospital and health care services I receive for, related to, or connected with my admission or treatment (past, present, or future). . . . I also assign payment of any available insurance benefits to the physician(s) who provide me treatment at LMHS." (Doc. #17-3, Exh. C.) "[T]hird party payors" are defined in the assignment to include coverage available from "Medicare, Medicaid, Tri-care, or governmental programs; health, accident, automobile, or other insurance; workers' compensation; HMOs; self-insured employers; and any sponsors who may contribute payment for services." (Id.)

Such an assignment is ineffectual, however, "if the plan contains an unambiguous anti-assignemnt provision." Physicians Multispecialty Grp., 371 F.3d at 1295. "[A]n unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." Id. at 1296. The Summary Plan Description (SPD) attached as Exhibit A to the Amended Complaint (Doc. #17-1) contains the following provision: "A Covered Member is expressly prohibited from assigning any right to payment of Covered Expenses or any payment related to Benefits." (Doc. #17-1, p. 79.) This is a clear, unambiguous prohibition of assignment, and therefore the assignment Lee Memorial obtained from Anderson

is void. Physicians Multispecialty Grp., 371 F.3d at 1296. See also Griffin v. Coca-Cola Enterprises, Inc., 686 F. App'x 820, 822 (11th Cir. 2017). Lee Memorial has not plausibly stated any other basis for standing which would allow it to bring the declaratory action. Therefore, Court I will be dismissed as to Blue Cross because Lee Memorial lacks standing.

Accordingly, it is now

**ORDERED:**

1. Blue Cross and Blue Shield of Florida, Inc.'s Objection (Doc. #49) is **moot.**

2. The Report and Recommendation (Doc. #47) is hereby **rejected** for the alternative reasons set forth above.

3. Blue Cross and Blue Shield of Florida, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (Doc. #19) is **granted** and Count I for declaratory relief is dismissed for lack of standing. The Clerk shall terminate Blue Cross on the docket. The case will proceed as to Winn Dixie on Count II who did not join in the motion.

**DONE and ORDERED** at Fort Myers, Florida, this __9th__ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Carol Mirando
United States Magistrate Judge

All Parties of Record