UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

        Plaintiff,

v.                                    Case No:  2:16-cv-738-FtM-29CM

WINN DIXIE STORES, INC.,

        Defendant.

_____

## REPORT AND RECOMMENDATION[1]

    This matter comes before the Court upon review of Defendant Winn Dixie Stores, Inc.'s ("Winn Dixie") Motion for Judgment on the Pleadings and Plaintiff Lee Memorial Health System's ("Lee Health") Motion for Leave to File Second Amended Complaint. Docs. 60, 66. Lee Health responded in opposition to Winn Dixie's motion, and Winn Dixie responded in opposition to Lee Health's motion. Docs. 65, 67. The Court respectfully recommends Winn Dixie's motion for judgment on the pleadings be granted, Lee Health's motion for leave to file a Second Amended Complaint be denied, and the case be dismissed for lack of standing.

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

I.    **Background**

On September 28, 2016, Lee Health initiated this action against Blue Cross and Blue Shield of Florida, Inc. ("Blue Cross"), and on May 10, 2017, Lee Health amended its complaint to include Winn Dixie Stores, Inc.  Docs. 1, 17.  In the Amended Complaint, Lee Health alleged it provided health care services to a Winn Dixie employee, Shannon Anderson, following an automobile accident.  Doc. 17 ¶¶ 15-17.  Anderson, who was a participant in an ERISA employee health benefits plan (the "Plan"), assigned to Lee Health her rights to receive payments from Blue Cross, the Plan's claims administrator, for the health services she received.  *Id.* ¶¶ 15, 19; Doc. 17-3.  Lee Health submitted a claim to Blue Cross for the health care services provided to Anderson, but Blue Cross denied the claim.  Doc. 17 ¶¶ 20-21.  Lee Health sought a declaratory judgment against Blue Cross and Winn Dixie regarding the proper interpretation of the Plan, whether the denial of the claim complied with ERISA requirements, and the proper interpretation of a separate agreement between Blue Cross and Lee Health.  *Id.* ¶¶ 36-50.

On March 9, 2018, the Honorable John E. Steele granted Blue Cross's motion to dismiss for lack of standing.  Doc. 58; *see also* Doc. 19.  Judge Steele found Lee Health, as a healthcare provider, was not a "participant" or "beneficiary" of the Plan under ERISA that could bring suit under 29 U.S.C. § 1132(a)(1)(B) or § 1132(a)(3), and Lee Health also was not a "fiduciary" under ERISA that could bring suit under § 1132(a)(3).  Doc. 58 at 10-11.  Judge Steele found Lee Health did not have derivative standing to sue under ERISA because although Anderson assigned to Lee Health her

rights to receive payments from Blue Cross for her hospital services, the Plan contains a "clear, unambiguous prohibition of assignment." *Id.* at 12-13 (citing Doc. 17-1 at 79). Because Lee Health had not plausibly stated another basis for standing to bring the declaratory action against Blue Cross, Judge Steele dismissed Blue Cross due to Lee Health's lack of standing. *Id.* at 13. Judge Steele indicated the case would proceed as to Winn Dixie, which had not joined in the motion to dismiss. *Id.*

Following Judge Steele's dismissal of Blue Cross, Winn Dixie moved for Judgment on the Pleadings, arguing Lee Health did not have standing to bring suit under ERISA. Doc. 60. Two days later, on March 28, 2018, Winn Dixie filed a Suggestion of Bankruptcy. Doc. 61. The Court lifted the stay on October 26, 2018, directing Lee Health to respond to Winn Dixie's motion. Doc. 64. Lee Health filed a response in opposition and contemporaneously moved for leave to file a Second Amended Complaint. Docs. 65, 66. Winn Dixie responded in opposition to Lee Health's motion to amend. Doc. 67. Both motions are ripe for judicial review.

## II.  Analysis

### a. *Motion for Judgment on the Pleadings*

Federal Rule of Civil Procedure 12(c) permits parties to move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).[2]  Judgment on the pleadings is only appropriate where there are no issues of material fact and the plaintiff can prove no set of facts entitling him

---

[2] The case management and scheduling deadlines have not been reset since the stay was lifted. *See* Doc. 64 at 2; *see also* Docket.

to relief.  *See Interline Brands, Inc. v. Chartis Specialty Ins. Co.*, 749 F.3d 962, 965 (11th Cir. 2014); *Horsley v. Feldt*, 304 F.3d 1125, 1131 (11th Cir. 2002).  In such cases, "the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts."  *See Interline Brands, Inc.*, 749 F.3d at 965 (quoting *Cunningham v. Dist. Attorney's Office for Escambia Cty.*, 592 F.3d 1237, 1255 (11th Cir. 2010)).  All facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the non-moving party.  *Id.*

Here, Winn Dixie argues Lee Health lacks independent or derivative standing to maintain an action against Winn Dixie under ERISA.  Doc. 60 at 3-5.  Consistent with Judge Steele's Order dismissing Blue Cross, Winn Dixie asserts Lee Health's purported assignment of rights from Anderson is ineffectual because the Plan contains an unambiguous anti-assignment clause.  *Id.* at 5.   Plan participants and beneficiaries may sue for benefits under 29 U.S.C. § 1132(a)(1)(B); and plan participants, beneficiaries and fiduciaries may sue for certain injunctive and equitable relief under § 1132(a)(3).  29 U.S.C. §§ 1132(a)(1)(B), (a)(3); *Green v. Holland*, 480 F.3d 1216, 1224 (11th Cir. 2007); *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1294 (11th Cir. 2004).  Healthcare providers are not participants, beneficiaries or fiduciaries under ERISA; and thus they lack independent standing to sue under ERISA.  *Physicians Multispecialty Grp.*, 371 F.3d at 1294.  They may, however, acquire derivative standing to sue under ERISA through a written assignment of rights from a plan

participant or beneficiary. *Physicians Multispecialty Grp.*, 371 F.3d at 1294; *Cagle v. Bruner*, 112 F.3d 1510, 1515 (11th Cir. 1997).

An assignment of rights is ineffectual "if the plan contains an unambiguous anti-assignment provision" because such provisions in an ERISA plan are valid and enforceable. *See Physicians Multispecialty Grp.*, 371 F.3d at 1295-96. Here, the Summary Plan Description attached to the Amended Complaint includes the following provision: "A Covered Member is expressly prohibited from assigning any right to payment of Covered Expenses or any payment related to Benefits." Doc. 17-1 at 79. As the District Judge stated, "[t]his is a clear, unambiguous prohibition of assignment, and therefore the assignment Lee [Health] obtained from Anderson is void." Doc. 58 at 12-13. (citing *Physicians Multispecialty Grp.*, 371 F.3d at 1296; *Griffin v. Coca-Cola Enters., Inc.*, 686 F. App'x 820, 822 (11th Cir. 2017)).

Lee Health's argument that Winn Dixie waived the issue of standing by failing to raise it as an affirmative defense is unpersuasive. Lee Health relies on *Doctors Hospital of Augusta, Inc. v. Horton Homes, Inc.*, in which a court in the Northern District of Georgia found a defendant waived the affirmative defense of standing in an ERISA case by failing to raise it in its pleadings. *See* No. 1:02-CV-3165-CAP, 2005 WL 8154292 (N.D. Ga. Jan. 27, 2005); *see also* Doc. 65 at 10-11. The court in *Doctors Hospital* relied on a Seventh Circuit case and Federal Rule of Civil Procedure 8(c) to find standing is an affirmative defense that must be raised in an answer, or it is waived. *See* 2005 WL 8154292, at *3 (citing *LINC Fin. Corp. v. Onwuteaka*, 129 F.3d 917, at *922 (7th Cir. 1997)). As the *Doctors Hospital* court noted, however, "the

5

Eleventh Circuit has not addressed whether lack of standing is included in the scope of 'avoidance or affirmative defense' as contemplated by Rule 8(c)." *Id.*  Although not confronted with the issue of waiver,[3] the presiding judge in this case already determined the non-assignment clause in the Plan left Lee Health without standing under ERISA.  *See* Doc. 58 at 10-13.  Further, unlike in *Doctors Hospital*, Lee Health did not argue it was prejudiced by Winn Dixie's failure to raise standing as an affirmative defense.  *See generally* Doc. 65; *see also Doctors Hosp.*, 2005 WL 8154292, at *3.  Therefore, in this circumstance, the Court recommends Winn Dixie did not waive the issue of standing by failing to raise it as an affirmative defense.

As Lee Health's other arguments are based on facts alleged in the proposed Second Amended Complaint, they will be addressed in reference to the Motion for Leave to File Second Amended Complaint.  Because Lee Health stated no other basis for standing in the operative Amended Complaint, the Court recommends Counts I and II be dismissed as to Winn Dixie because Lee Health lacks standing.

### b.  Motion for Leave to File Second Amended Complaint

Whether to allow leave to amend a pleading lies within the discretion of the district court.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  This discretion is limited, however, in that leave to amend "shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Permissible reasons justifying denial are "undue delay, bad faith

---

[3] Because Judge Steele granted Blue Cross's motion to dismiss the Amended Complaint, Blue Cross did not need to file a responsive pleading to the Amended Complaint or raise affirmative defenses.  Therefore, Judge Steele was not confronted with whether Blue Cross waived the issue of standing by failing to raise it as an affirmative defense.

or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Foman*, 371 U.S. at 182; *Maynard v. Bd. of Regents of the Div. of Univs. of the Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003); *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999).

Lee Health argues it has never had the opportunity to properly address the standing challenges and thus seeks leave to amend its Amended Complaint to clarify factual allegations relevant to the assignment. Doc. 66 at 2-3. Lee Health argues the additional facts alleged in the proposed Second Amended Complaint show "Winn Dixie waived any anti-assignment provision or is otherwise equitably estopped from raising it as a defense in this case." *Id.* at 3. In the proposed allegations, Lee Health asserts it has a Preferred Patient Care Hospital Agreement with Blue Cross, through which Lee Health would provide hospital services to participants of Blue Cross's health plans in exchange for payment from Blue Cross Blue Shield. Doc. 66-1 ¶¶ 7-8. Lee Health claims it often cooperates with Blue Cross to coordinate benefits to determine respective payment responsibility between health care plans and other possible sources of payment, such as liability insurance or other health plans. *Id.* ¶ 10-13.

Lee Health also indicates certain general billing and collection policies administered by Blue Cross require a participating network provider to obtain an assignment of benefits from participating health plan members. *Id.* ¶¶ 16-18. Lee

Health asserts the Summary Plan Description contemplates the coordination of benefits in the event of automobile accidents involving Plan participants, and § 627.736, Florida Statutes, requires health care providers to obtain an assignment of benefits from individuals for any personal injury protection (PIP) benefits they may have from an auto insurance carrier. *Id.* ¶¶ 19-21. Thus, Lee Health alleges the non-assignment clause has never been construed by the parties to preclude a Plan participant from granting a valid, binding assignment of benefits to a participating network provider such as Lee Health, which is why the Summary Plan Description limits the restriction on assignments to nonparticipating providers. *Id.* ¶¶ 22-23. Based on these allegations, Lee Health asserts Winn Dixie is precluded from relying on the anti-assignment provision by the doctrines of equitable estoppel and waiver. Doc. 65 at 11. Winn Dixie responds that amendment would be futile. Doc. 67 at 6. Winn Dixie argues a provision permitting direct payment to an in-network provider does not render an anti-assignment clause void. *Id.* at 5. As the anti-assignment provision is clear, Winn Dixie claims Lee Health can allege no facts sufficient to create standing. *Id.* at 6.

A motion to amend a complaint will be denied as futile when the proposed amendment to the complaint would not survive a motion to dismiss. *Coventry First, LLC v. McCarty*, 605 F.3d 865, 869 (11th Cir. 2010). A complaint will be dismissed if it fails to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "When a district court denies the plaintiff leave to amend a complaint due to futility, the court is making the legal conclusion that the complaint, as amended, would

necessarily fail." *St. Charles Foods, Inc. v. Am's Favorite Chicken Co.*, 198 F.3d 815, 822 (11th Cir. 1999).  The court considering a motion to dismiss need not assume that the complaint's legal conclusions are true, and the legal conclusions "must be supported by factual allegations." *Bentley v. Bank of Am., N.A.*, 773 F. Supp. 2d 1367, 1370 (S.D. Fla. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

The Court recommends granting leave to amend would be futile because Lee Health has not alleged facts that establish independent or derivative standing under ERISA.  As stated, the assignment signed by Anderson is ineffectual because the Plan contains a "clear, unambiguous prohibition of assignment."  Doc. 58 at 12.  The additional facts alleged by Lee Health do not change that.  First, the facts alleged do not support application of the equitable estoppel doctrine.  Equitable estoppel applies in ERISA cases only when "the plaintiff can show that (1) the relevant provisions of the plan at issue are ambiguous, and (2) the plan provider or administrator has made representations to the plaintiff that constitute an informal interpretation of the ambiguity." *Griffin v. Health Sys. Mgmt., Inc.*, 635 F. App'x 768, 773 (11th Cir. 2015) (quoting *Jones v. Am. Gen. Life & Acc. Ins. Co.*, 370 F.3d 1065, 1069 (11th Cir. 2004)).  Here, nothing is ambiguous about the non-assignment clause, and thus equitable estoppel cannot apply here.  *See id.*

Second, the additional factual allegations do not indicate Winn Dixie waived the anti-assignment provision.  "[W]aiver is the voluntary, intentional relinquishment of a known right." *Witt v. Metro. Life Ins. Co.*, 772 F.3d 1269, 1279 (11th Cir. 2014) (internal quotation marks omitted).  Waiver may be express or

9

implied, but "the acts, conduct, or circumstances relied upon to show [implied] waiver must make out a clear case." *Matter of Garfinkle*, 672 F.2d 1340, 1347 (11th Cir. 1982). Lee Health's argument that Winn Dixie's failure to raise the anti-assignment provision for four-and-one-half years "amounts to a voluntary intentional relinquishment of a known right constituting waiver" is unavailing. *See* Doc. 65 at 15. The alleged facts do not provide a "clear case" that Winn Dixie intentionally or voluntarily waived the non-assignment clause. *See Matter of Garfinkle*, 672 F.2d at 1347. The allegations about Blue Cross's general policies and the processes for coordination of benefits are not necessarily inconsistent with the anti-assignment provision. Indeed, the provision prohibiting the assignment of rights to payment indicates that "[w]here a Covered Member has received Benefits from a Participating Provider, the Employer's Group Health Plan will pay Covered Expenses directly to such Participating Provider." Doc. 66-2 at 79. This indicates the Plan contemplates direct payments to providers such as Lee Health without requiring an assignment of rights. *See id.* Because the Plan contains a clear, unambiguous non-assignment clause, and there is no indication Winn Dixie voluntarily and intentionally waived it, the Court recommends amendment of the Amended Complaint would be futile.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1.   Defendant Winn Dixie Stores, Inc.'s Motion for Judgment on the Pleadings (Doc. 60) be **GRANTED**.

2.      Plaintiff Lee Memorial Health System's Motion for Leave to File Second Amended Complaint (Doc. 66) be **DENIED**, and the case be **DISMISSED** for lack of standing.

**DONE** and **ENTERED** in Fort Myers, Florida on this 25th day of January, 2019.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record