UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

LEE MEMORIAL HEALTH SYSTEM,

Plaintiff,

v. Case No: 2:16-cv-738-FtM-29UAM

WINN DIXIE STORES, INC.,

Defendant.

---

**OPINION AND ORDER**

This matter comes before the Court on consideration of the Magistrate Judge's Report and Recommendation (Doc. #68) filed January 25, 2019, recommending defendant Winn Dixie Stores, Inc.'s Motion for Judgment on the Pleadings (Doc. #60) be granted, plaintiff Lee Memorial Health System's Motion for Leave to File Second Amended Complaint (Doc. #66) be denied, and the case be dismissed for lack of standing. Lee Memorial filed an Objection (Doc. #72) on February 21, 2019, to which Winn Dixie filed a Response (Doc. #78) on March 13, 2019.

On May 10, 2017, Lee Memorial filed an Amended Complaint against Blue Cross and Blue Shield of Florida, Inc. and Winn Dixie. (Doc. #17.) Lee Memorial alleges Winn Dixie improperly denied a claim for health care benefits by adopting a misconstruction of a provision in its ERISA[1] employee health benefits plan by Blue

---

[1] Employee Retirement Income Security Act, 29 U.S.C. § 1001

Cross, its third-party claims administrator. Acting as the assignee of a Plan participant, Lee Memorial seeks damages from Winn Dixie for non-payment of benefits for its hospital services (Count II). (Id. p. 10.) Lee Memorial also seeks a declaratory judgment against Winn Dixie as to (1) the proper interpretation of a provision in the ERISA plan, (2) the sufficiency under ERISA of certain procedures followed in the denial of the claim, and (3) the proper interpretation of a separate agreement between Lee Memorial and Blue Cross (Count I). (Id. pp. 9-10.)

**I.**

**A. Factual Background**

The Amended Complaint contains the following material factual allegations applying to both counts:

Shannon Anderson was an employee of Winn Dixie and a participant in an Employer Sponsored Benefit Plan ("the Plan") providing health plan coverage to Winn Dixie employees. (Doc. #17, ¶¶ 7, 15; Doc. #17-1.)[2] The Plan constitutes an employee welfare plan within the meaning of ERISA. (Doc. #17, ¶ 8.) As a participant, Anderson had the right to have her medical and

---

et seq.

[2] A copy of the summary plan description is attached to the Amended Complaint. (Doc. #17-1.) The Plan is a self-insured plan, and Blue Cross does not provide either insurance coverage or any funds from which benefits are paid. (Doc. #58, p. 2 n.2.)

hospitalization costs paid under the Plan. (Id. ¶ 15.)

Winn Dixie, as the Plan sponsor, Plan administrator, and a "fiduciary" of the Plan as defined by various ERISA provisions, has the authority to control the operation and administration of the Plan. (Id. ¶ 9.) Blue Cross provides third-party claims administration for the Plan pursuant to an Administrative Services Agreement (Doc. #17-2) and is alleged to be an interested party and a fiduciary under ERISA. (Doc. #17, ¶¶ 7, 11(a).) Additionally, Blue Cross and Lee Memorial entered into a Preferred Patient Hospital Agreement ("the Agreement") whereby Lee Memorial agreed to file claims with Blue Cross for health care services it provided to covered Winn Dixie employees. (Id. ¶¶ 11(a), 13.)

On October 3, 2013, Anderson was hospitalized after being involved in a motor vehicle accident. (Id. ¶ 17.) Lee Memorial provided hospital services to Anderson from October 3, 2013 through October 18, 2013. (Id. ¶¶ 16-17.) When she was admitted into the hospital, Anderson executed an admissions contract assigning to Lee Memorial all rights to receive payments from Blue Cross under the Plan for hospital services rendered. (Id. ¶ 19.)

Lee Memorial subsequently submitted a claim to Blue Cross under the Plan for payment of hospital services provided to Anderson. (Id. ¶ 20.) Blue Cross denied coverage without identifying a specific provision within the Plan and stated that "the member's injuries were the result of the member's alcohol

intoxication." (Id. ¶ 21; Doc. #17-4.)

**B. Procedural Background**

In May 2017, Lee Memorial filed its Amended Complaint seeking a declaratory judgment pursuant to 28 U.S.C. § 2201 against Blue Cross and Winn Dixie regarding (1) the proper interpretation of the Plan, (2) whether the denial of the claim complied with ERISA requirements, and (3) the proper interpretation of the Agreement between Blue Cross and Lee Memorial. (Doc. #17, ¶¶ 36-45.) Lee Memorial also alleged Winn Dixie violated ERISA and breached the terms of the Plan by denying the claim submitted by Lee Memorial. (Id. ¶¶ 46-50.)

On May 24, 2017, Blue Cross filed a motion to dismiss Lee Memorial's declaratory judgment claim as it applied to Blue Cross. (Doc. #19.) On March 9, 2018, the Court granted the motion due to lack of standing, dismissed Count I of the Amended Complaint, and directed the Clerk to terminate Blue Cross on the docket. (Doc. #58, pp. 10-13.) The case proceeded on Count II as to Winn Dixie, who had not joined the motion to dismiss. (Id. p. 13.)

Following the dismissal of Blue Cross, Winn Dixie moved for judgment on the pleadings, arguing Lee Memorial did not have standing to bring suit under ERISA. (Doc. #60.) Lee Memorial filed a response in opposition and contemporaneously moved for leave to file a second amended complaint. (Doc. #65; Doc. #66.) Winn Dixie responded in opposition to Lee Memorial's motion on the

basis that additional facts would not alter Lee Memorial's lack of standing. (Doc. #67.) Both motions were referred to the Magistrate Judge.

**II.**

On January 25, 2019, the Magistrate Judge issued her Report and Recommendation. (Doc. #68.) Regarding Winn Dixie's motion for judgment on the pleadings, the Magistrate Judge recommended granting the motion and dismissing the case for lack of standing. (Id. p. 1.) The Magistrate Judge, referring to this Court's previous order (Doc. #58), found that Lee Memorial lacks "independent standing to sue under ERISA" because "[h]ealthcare providers are not participants, beneficiaries or fiduciaries under ERISA," and the assignment of rights from Anderson was ineffective because the Plan contained an "unambiguous anti-assignment provision." (Doc. #68, pp. 4-5.) The Magistrate Judge also suggested Winn Dixie "did not waive the issue of standing by failing to raise it as an affirmative defense" because the Eleventh Circuit "has not addressed whether lack of standing is included in the scope of 'avoidance or affirmative defense' as contemplated by Rule 8(c)," and "the presiding judge in this case already determined the non-assignment clause in the Plan left [Lee Memorial] without standing under ERISA." (Id. p. 6.)

Regarding Lee Memorial's motion for leave to file a second amended complaint, the Magistrate Judge recommended the motion be

denied. (Id. p. 1.) The Magistrate Judge suggested granting leave to amend would be futile because Lee Memorial "has not alleged facts that establish independent or derivative standing under ERISA." (Id. p. 9.) As stated above, the Magistrate Judge found the assignment signed by Anderson was ineffectual because the Plan contained a "clear, unambiguous prohibition of assignment," and the additional facts alleged by Lee Memorial "do not change that." (Id.) The Magistrate Judge additionally found that the alleged facts did not support application of the equitable estoppel doctrine because the doctrine requires the plan provision to be ambiguous, and "nothing is ambiguous about the non-assignment clause, and thus equitable estoppel cannot apply here." (Id.) Finally, the Magistrate Judge found that the additional facts did "not indicate Winn Dixie waived the anti-assignment provision" because there was no indication Winn Dixie "voluntarily and intentional" waived the provision. (Id. pp. 9-10.)

**III.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Powell, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. §

636(b)(1); see also United States v. Farias-Gonzalez, 556 F.3d 1181, 1184 n.1 (11th Cir. 2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**IV.**

**A. Motion for Leave to File Second Amended Complaint**

As noted, the Court has previously reviewed the question of standing and ruled Lee Memorial lacks independent standing to assert ERISA. (Doc. #58.) ERISA sets forth those parties who may bring civil actions under the statute, and such actions "are limited only to those parties and actions Congress specifically enumerated." WestRock RKT Co. v. Pace Indus. Union-Mgmt. Pension Fund, 856 F.3d 1320, 1322 (11th Cir. 2017) (citations omitted). A "participant" and a "beneficiary" of an ERISA plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Additionally, a "participant," "beneficiary," or "fiduciary" may bring a civil action for certain injunctive and equitable relief. 29 U.S.C. § 1132(a)(3). A

healthcare provider such as Lee Memorial is not a "participant," "beneficiary," or "fiduciary" under ERISA, and thus lacks independent standing to sue under § 1132(a)(1)(B) or § 1132(a)(3). (Doc. #58, p. 11); Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc., 371 F.3d 1291, 1294 (11th Cir. 2004).

Nevertheless, a healthcare provider may acquire derivative standing to sue under ERISA by obtaining a written assignment from a participant or beneficiary of her right to payment of medical benefits. Cagle v. Bruner, 112 F.3d 1510, 1515 (11th Cir. 1997). However, "an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." Physicians Multispecialty Grp., 371 F.3d at 1296.

Here, Lee Memorial asserts derivative standing as the assignee of Anderson, a Plan participant. (Doc. #72, p. 7.) The assignment signed by Anderson provides:

> I hereby assign to [Lee Memorial] payment from all third party payors with whom I have coverage or from whom benefits are or may become payable to me, for the charges of hospital and health care services I receive for, related to, or connected with my admission or treatment (past, present, or future). . . . I also assign payment of any available insurance benefits to the physician(s) who provide me treatment at [Lee Memorial].

(Doc. #17-3, p. 121 (footnote omitted).) Per the assignment form, "[t]hird party payors" are defined to include coverage available from "Medicare, Medicaid, Tri-care, or governmental programs;

health, accident, automobile, or other insurance; workers' compensation; HMOs; self-insured employers; and any sponsors who may contribute payment for services." (Id.) Winn Dixie has challenged the validity of this assignment based on the Plan's anti-assignment provision, which states, "A Covered Member is expressly prohibited from assigning any right to payment of Covered Expenses or any payment related to Benefits." (Doc. #60, pp. 5-6); (Doc. #17-1, p. 90.) In response, Lee Memorial seeks to amend its complaint to "clarify factual allegations that are relevant to the assignment," and to "plead additional facts showing that Winn Dixie waived any anti-assignment provision or is otherwise equitably estopped from raising it as a defense." (Doc. #66, pp. 2-3.) The Magistrate Judge recommends denying the motion because Lee Memorial "has not alleged facts that establish independent or derivative standing under ERISA" and, therefore, amendment would be futile. (Doc. #68, pp. 9-10.) In objecting to the Magistrate Judge's recommendation, Lee Memorial raises several arguments relating to waiver and equitable estoppel. (Doc. #72, pp. 12-19.)

Whether to allow leave to amend a pleading lies within the discretion of the district court. Foman v. Davis, 371 U.S. 178, 182 (1962). This discretion is limited, however, in that the court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Permissible reasons which justify denial include "futility of amendment," Foman, 371 U.S. at

182, and an amendment is futile "when the complaint as amended would still be properly dismissed," Coventry First, LLC v. McCarty, 605 F.3d 865, 870 (11th Cir. 2010) (citation omitted); see also Cockrell v. Sparks, 510 F.3d 1307, 1310 (11th Cir. 2007) ("Leave to amend a complaint is futile when the complaint as amended would still be properly dismissed or be immediately subject to summary judgment for the defendant.") Therefore, the proposed Second Amended Complaint must be analyzed under the traditional Federal Rule of Civil Procedure 12(b)(6) scrutiny to determine whether it is futile. Farrell v. Fla. Republicans, 2013 WL 4494309, *2 (M.D. Fla. Aug. 19, 2013).

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility requirement is "more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, and "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Twombly, 550 U.S. at 555. However, the Court must construe the allegations "in the light most favorable to the plaintiff." Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006). Accordingly, the Court must determine whether Lee Memorial's proposed Second Amended Complaint states a

plausible claim for relief, including a basis for standing.[3]

Lee Memorial presents an array of arguments as to why leave to amend should be granted, but the Court finds it necessary only to address one: whether Winn Dixie's conduct amounts to waiver of its right to assert the anti-assignment provision. (Doc. #66-1, p. 20; Doc. #72, pp. 16-17.) The Eleventh Circuit has defined waiver as "either an intentional or voluntary relinquishment of a known right, or conduct giving rise to an inference of the relinquishment of a known right." Air Prods. & Chems., Inc. v. La. Land & Expl. Co., 867 F.2d 1376, 1379 (11th Cir. 1989) (citations omitted). Waiver may be express or implied, id., and Lee Memorial alleges only an implied waiver through conduct, (Doc. #72, pp. 13-14.) For waiver to be implied by conduct, "the acts, conduct or circumstances relied upon to show waiver must make out a clear case." Air Prods. & Chems., Inc., 867 F.2d at 1379 (citations omitted). Lee Memorial's proposed Second Amended Complaint contains the following allegations relevant to the issue of waiver:

- Blue Cross "acted as the authorized agent of Winn Dixie in administering claims for the Plan," and Winn Dixie "is

[3] As noted, the Magistrate Judge recommends denying leave to amend because Lee Memorial has not alleged facts that "establish" standing under ERISA. (Doc. #68, 9.) To the extent the Magistrate Judge used a different standard than the "plausible" standard under Rule 12(b)(6), the Court disagrees with that portion of the Report and Recommendation.

vicariously liable for the actions and failures to act" of Blue Cross in administering claims for the Plan;

- Blue Cross and Winn Dixie "exercised discretionary authority or control in the management of the Plan, making benefit determinations and payment of claims under the Plan";
- Pursuant to the terms of the Plan and the Agreement between Lee Memorial and Blue Cross, Lee Memorial "agreed to file claims with [Blue Cross] for health care services that it provided to Winn Dixie's covered employees";
- Since the inception of the Plan, Lee Memorial "has provided a significant amount of covered services to members of the Plan and has acted in accordance with the direction of the Plan and its administrator as to the coordination of benefits";
- During the one-year period immediately prior to providing services to Anderson, Lee Memorial "provided covered services to Plan members on 15 separate admissions and received payment from the Plan in excess of $84,000 for such services";
- Blue Cross has made representations to Lee Memorial "that constitute its informal interpretation that an assignment of benefits from Plan members is <u>not</u> prohibited" in situations like Anderson's;

- Blue Cross and Winn Dixie "have, at all times, had full knowledge as to the existence of any anti-assignment language in the Plan" but Lee Memorial did not and had to rely on the representations of Blue Cross;
- Lee Memorial and Blue Cross have a well-established course of dealings whereby Lee Memorial has obtained assignments of benefits from Plan members "with the knowledge and consent" of Blue Cross;
- Neither Winn Dixie nor Blue Cross ever voiced an objection to a claim or declined to pay a Plan claim based on the anti-assignment provision, despite being provided with a billing form that contains each assignment.

(Doc. #66-1, ¶¶ 26-28, 30-31, 64.)

Accordingly, Lee Memorial alleges it has obtained assignments from Plan members in the past, provided those assignments to Blue Cross as part of its billing practice, and never received an objection based upon those assignments. On the contrary, Blue Cross has provided payment to Lee Memorial for services to Plan members. Lee Memorial also alleges Blue Cross made representations to Lee Memorial suggesting assignments are not prohibited in certain situations, including those that would apply to Anderson. Finally, Lee Memorial alleges Blue Cross is Winn Dixie's authorized agent to administer the Plan and, therefore,

Winn Dixie is responsible for the actions of Blue Cross. Construing the Second Amended Complaint in the light must favorable to Lee Memorial, as required at this stage of the proceedings, the Court finds these allegations sufficient to make out a clear case of waiver. These allegations, coupled with Lee Memorial's assertion of derivative standing based on Anderson's assignment, establish that the Second Amended Complaint states a claim to relief that is plausible on its face. Accordingly, the Court finds amendment of the complaint would not be futile and leave to amend should be permitted. As such, the Court rejects the Magistrate Judge's recommendation that Lee Memorial's motion be denied.

**B. Motion for Judgment on the Pleadings**

As the Court has determined Lee Memorial's Motion for Leave to File Second Amended Complaint should be granted, Winn Dixie's Motion for Judgment on the Pleadings is necessarily rendered moot. See Ray v. Bank of Am., N.A., 2015 WL 11257487, *2 (N.D. Ga. Jan. 13, 2015) ("Because Plaintiff's motion to amend the complaint has been granted and the amended complaint will become the operative pleading in this case, Defendants' motions to dismiss and for judgment on the pleadings are DENIED as MOOT." (citation omitted)). Therefore, the Magistrate Judge's recommendations that Winn Dixie's motion be granted and the case be dismissed are rejected.

Accordingly, it is now

**ORDERED:**

1. Lee Memorial's Objections (Doc. #72) are **SUSTAINED in part** and **MOOT in part**. Regarding the Motion for Leave to File Second Amended Complaint, the objection related to Winn Dixie's waiver is sustained. The remaining objections are moot.
2. The Report and Recommendation (Doc. #68) is hereby **rejected** for the reasons set forth above.
3. Lee Memorial's Motion for Leave to File Second Amended Complaint (Doc. # 66) is **GRANTED.** Lee Memorial is directed to file the proposed Second Amended Complaint within **SEVEN (7)** days of entry of this order. Winn Dixie shall have **TWENTY-ONE (21)** days from the docketing of the Second Amended Complaint to file a responsive pleading.
4. Winn Dixie's Motion for Judgement on the Pleadings (Doc. #60) is **DENIED as moot.**

**DONE and ORDERED** at Fort Myers, Florida, this 1st day of July 2019.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Douglas Frazier
United States Magistrate Judge
All Parties of Record